# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### No. 5:25-HC-2019-D

LAWRENCE VERLINE WILDER,      )
     )
           Petitioner,      )
     )
           v.      )      **ORDER**
     )
WARDEN MARY LOCKLEAR,      )
     )
           Respondent.      )

On January 24, 2025, Lawrence Verline Wilder ("Wilder" or "petitioner"), a former state inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. On February 12, 2025, Wilder refiled his petition on the correct form [D.E. 4]. On October 30, 2025, the court dismissed the action without prejudice for failure to prosecute [D.E. 7] and the clerk entered judgment [D.E. 8]. On November 3, 2025, Wilder filed a motion entitled "Rule 60 motion 28 USC 2254[;] motion for appointment of counsel[;] motion for change of venue[;] motion to dismiss all NHCNC superior court charges because of 4/20/2026 Adolph Hitler birthday court date, federal agents involvement, lack of state jurisdiction, racial exclusion of African Americans in grand jury/grand jury foreman[;] petitioner request appointment of counsel[;] petitioner requests hearings[;] petitioner requests change of venue because he cannot get a constitutionally fair adjudication of his pleadings or effective counsel without conflicts of interests." [D.E. 9] 1.[1]

---

[1] Wilder filed this motion in two other cases in this district. See Motion, Wilder v. James, No. 5:25-HC-2105-BO (E.D.N.C. Nov. 3, 2025), [D.E. 11]; Motion, Wilder v. Evers, No. 5:24-HC-2059-D (E.D.N.C. Nov. 3, 2025), [D.E. 7]. The court cautions Wilder not to make identical filings across multiple cases.

To the extent Wilder seeks appointment of counsel, no right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Mackall v. Angelone, 131 F.3d 442, 446–47 (4th Cir. 1997) (en banc). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); see Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024). This action does not present legally complex issues. Wilder has adequately set forth his claims and has the capacity to present those claims. Thus, the interests of justice do not require the appointment of counsel.

To the extent Wilder seeks reconsideration, the court has considered the motion for reconsideration under the governing standard. See Fed. R. Civ. P. 59(e); Nicholson v. Durant, 162 F.4th 417, 422 (4th Cir. 2025); Gilliam v. Allen, 62 F.4th 829, 847–48 (4th Cir. 2023); Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 (4th Cir. 2020); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Wilder has not presented any arguments warranting reconsideration. Wilder's motion for reconsideration also fails to meet Rule 60(b)'s threshold requirements and is denied as baseless. See Fed. R. Civ. P. 60(b); Allen v. Stein, 165 F.4th 272, 288–89 (4th Cir. 2026); Justus v. Clarke, 78 F.4th 97, 105–06 (4th Cir. 2023); United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018); Aikens v. Ingram, 652 F.3d 496, 500–01 & n.3 (4th Cir. 2011); Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993).

To the extent Wilder seeks a change of venue, the court denies the motion. See 28 U.S.C. § 2241(d); Rogers v. Wood, 241 F. App'x 110, 110 (4th Cir. 2007) (per curiam) (unpublished);

2

Byrd v. North Carolina, 200 F. App'x 235, 236 (4th Cir. 2006) (per curiam) (unpublished). Wilder's additional requests are frivolous and baseless. Accordingly, the court denies the motion.

In sum, the court DENIES petitioner's motion [D.E. 9] and DIRECTS the clerk not to accept any further filings in this case other than a notice of appeal.

SO ORDERED. This 5 day of May, 2026.

JAMES C. DEVER III
United States District Judge

3